IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AIRCRAFT HOLDING SOLUTIONS, §
LLC, et al., §
 §
                    Plaintiffs, §
 §  Civil Action No. 3:18-CV-0823-D
VS. §
 §
LEARJET, INC. d/b/a BOMBARDIER §
AIRCRAFT SERVICES (BAS), et al., §
 §
                    Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs seek leave to amend their complaint to add a

defendant. For the reasons that follow, the court grants the motion.

I

Plaintiffs are the owners of a 2005 Challenger 300 airplane ("Aircraft") that was

damaged on March 29, 2017 when, during a routine periodic inspection of the Aircraft and

its components, the Aircraft fell from its jacks (the "Incident"). Plaintiffs filed this lawsuit

in Texas state court against defendants Bombardier Aerospace Corporation and Learjet, Inc.

d/b/a Bombardier Aircraft Solutions (BAS) (collectively, "BAS") to recover damages for the

value of the Aircraft, diminution in value, loss of use, and other costs and expenses incurred

as a result of BAS's alleged negligence and gross negligence, breach of bailment contract,

conversion, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act.

BAS removed the case to this court, and, on May 15, 2018, the court entered a scheduling

order ("Scheduling Order").  The Scheduling Order set November 2, 2018 as the deadline for filing a motion for leave to join other parties and December 3, 2018 as the deadline for filing a motion for leave to amend pleadings.

During discovery, plaintiffs learned that Bombardier Inc., ("Bombardier"), the Aircraft manufacturer, was the party responsible for directing the repairs of the Aircraft, and was charged a preferred rate by one of the defendants to complete the repairs.  Plaintiffs accordingly seek leave to join Bombardier as a necessary party under Fed. R. Civ. P. 19, or, alternatively, to join Bombardier under Rule 20.  They also request that they be permitted to amend their pleadings under Rule 15(a) to accomplish the joinder.[1]

II

Although plaintiffs seek relief pursuant to Rules 15, 19 and 20, the court need only address plaintiffs' motion for leave to amend the pleadings under Rule 15(a).[2]  "It is settled

---

[1]Plaintiffs filed their motion for leave to join additional defendant and amend pleadings as necessary on November 2, 2018.  When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness."  *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).  Plaintiffs' motion is therefore presumed to be timely.

[2]Plaintiffs seek leave to amend their complaint under Rule 15(a).  Motions to add new defendants may also be brought under Rule 21.  *See* Rule 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").  Whether such a motion is brought pursuant to Rule 15(a) or Rule 21 is immaterial to the court's analysis, however, because the same standard applies under either rule.  *See, e.g., Hegwood v. Ross Stores, Inc.*, 2006 WL 8437334, at *2 n.3 (N.D. Tex. June 26, 2006) (Ramirez, J.).  And, in any event, the Fifth Court has held that Rule 15 "takes precedence" over Rule 21 where a party falls within Rule 15's confines, such as when the party "attempts to drop or add parties by an amended pleading[.]"  *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976), *modified on reh'g on other grounds*, 545 F.2d 919 (5th Cir. 1977).

that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "[T]he district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III

BAS objects to the joinder of Bombardier, which BAS contends is an entity wholly unrelated to this matter and not necessary for the court to grant complete relief among the existing parties. BAS also posits that there are no common issues of law or fact that would warrant joining Bombardier as a permissive party,[3] and it contends that joining Bombardier

---

[3]Defendants maintain:

> Plaintiffs, without having sustained injury, allege that Bombardier has negligently performed repairs to the aircraft. These allegations do not arise from the same transaction that form the basis of Plaintiffs' claims against Defendants—the aircraft's falling from its jacks at BAS's facility on March 29, 2017 while being inspected by BAS personnel. Instead, the allegations against Bombardier arise from conduct occurring months later and for repair of the aircraft, not its inspection. The facts and issues of law related to the subsequent repair of the aircraft are separate and distinct from the facts and issues of

would cause undue prejudice because "the addition of Bombardier creates a risk of confusion by the trier of fact since Plaintiffs' alleged causes of action do not apply to Bombardier but are namely directed at BAS," Ds. Br. 9; there is a risk given the similarity in names of the defendants that the jury may become confused as to those causes of action and set of facts that pertain to the existing defendants and those that apply to Bombardier; and the court has discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.

The court is not persuaded that permitting plaintiffs to amend their complaint to add Bombardier as a party will cause defendants undue prejudice. Because plaintiffs contend that their injury (i.e., the damage to the Aircraft) was caused by *both* the Incident and the subsequent allegedly negligent repairs, the court concludes that, at the very least, the permissive joinder standard of Rule 20 is met here. *See* Rule 20(a) (permitting defendants to be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action"). And although BAS contends that adding Bombardier as a defendant will create confusion, the court is confident that, with appropriate instructions, a reasonable jury will have no difficulty understanding which facts and causes of action apply

---

law related to the existing Defendants' alleged liability for damage to the aircraft while in BAS's possession.

Ds. Br. 1-2.

to which defendant, despite the similarity in their names. BAS has not otherwise convinced the court that any of the factors warrant denying plaintiffs' motion for leave to amend.

* * *

Accordingly, the court grants plaintiffs' November 2, 2018 motion for leave to join additional defendant and amend pleadings as necessary. The clerk of court is directed to file plaintiffs' first amended complaint and the exhibits thereto, which are attached to plaintiffs' motion.

**SO ORDERED**.

December 20, 2018.

SIDNEY A. FITZWATER
SENIOR JUDGE