IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIRCRAFT HOLDING SOLUTIONS, LLC, et al., | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:18-CV-0823-D |
| VS. | § § | |
| LEARJET, INC. d/b/a BOMBARDIER AIRCRAFT SERVICES (BAS), et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed action by plaintiffs Aircraft Holding Solutions, LLC and CH300, LLC

arising from damage to their aircraft during a routine periodic inspection, defendant Learjet

Inc. d/b/a Bombardier Aircraft Services ("BAS") has filed an unopposed motion for leave

to file an original compulsory counterclaim, and defendants BAS, Bombardier Aerospace

Corporation ("BAC"), and Bombardier Inc. ("Bombardier") have filed a partially opposed

motion for leave to file amended answers. Plaintiffs move for default judgments as to BAS

and BAC. For the reasons that follow, the court grants BAS's motion for leave to file its

original compulsory counterclaim; grants defendants' motion for leave to file amended

answers; and denies plaintiffs' motion for default judgment.

I

Plaintiffs own a 2005 Challenger 300 airplane ("Aircraft") that was damaged when

it fell from its jacks during a routine periodic inspection. They filed this lawsuit in Texas

state court against defendants BAS and BAC, alleging claims for breach of bailment-contract, breach of bailment-negligence, conversion, negligence and gross negligence, violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and, in the alternative, breach of implied warrant of good and workmanlike services-repair, breach of express warranties-service work/repair, and DTPA-breach of warranty.  BAS and BAC filed original and amended answers in state court, and, on April 4, 2018, BAS removed the case to this court.  On May 15, 2018 the court entered a scheduling order ("Scheduling Order") that, *inter alia*, set December 3, 2018 as the deadline for filing a motion for leave to amend the pleadings.

On November 2, 2018 plaintiffs timely moved for leave to amend their complaint to add Bombardier as a necessary party.  The court granted plaintiffs' motion, and, on December 20, 2018, plaintiffs filed a first amended complaint, adding Bombardier as a defendant, but alleging the same causes of action and alternative claims as in plaintiffs' original state-court petition.  Bombardier answered plaintiffs' first amended complaint on May 15, 2019.  But neither BAS nor BAC filed a responsive pleading to the first amended complaint.

On August 6, 2020 BAS filed the instant motion for leave to file its original compulsory counterclaim.  On August 7, 2020 defendants filed a joint motion for leave to file amended answers.  Plaintiffs do not oppose BAS's motion for leave to file its original compulsory counterclaim, and they do not oppose defendants' motion for leave to file amended answers to the extent the motion requests that Bombardier be granted leave to file

a first amended answer.  Plaintiffs do oppose defendants' motion, however, to the extent BAS and BAC seek leave to file second amended answers.  Plaintiffs maintain that, because neither BAS nor BAC answered the first amended complaint, there is no operative pleading susceptible of amendment by either defendant.  Plaintiffs also move for default judgments against BAS and BAC on the same ground.

II

The court turns first to the motions that are unopposed, in whole or in part.

The court grants BAS's motion for leave to file its original compulsory counterclaim, which is entirely unopposed.

To the extent that defendants' motion for leave to file amended answers is unopposed—i.e., to the extent that defendants request leave for Bombardier to file its first amended answer—the court grants it.

III

The court next considers the opposed portion of defendants' motion for leave to file amended answers—i.e., the requests of BAS and BAC for leave to file second amended answers.

A

BAS and BAC jointly filed their original answer to plaintiffs' original state-court petition on March 26, 2018.  They jointly filed their first amended answer on April 2, 2018.  (Both pleadings were filed in state court, before this case was removed).  On November 2, 2018 plaintiffs timely moved for leave to join Bombardier as a defendant, representing to the

- 3 -

court that their "amended complaint . . . *does not plead any new or additional causes of action* as to [BAS and BAC].  It merely adds facts relevant to the same causes of action Plaintiffs now assert against [Bombardier]." Ps. 11/2/18 Br. 5 (emphasis added).  The court on December 20, 2018 granted plaintiffs' motion, and directed the clerk of court to file plaintiffs' first amended complaint.  As noted, Bombardier answered the first amended complaint, but BAS and BAC did not file responsive pleadings to the first amended complaint.

Although plaintiffs have not previously sought relief based on the failure of BAS and BAC to file responsive pleadings (including an answer) to plaintiffs' first amended complaint, they now rely on this failure to object to these defendants' filing second amended answers.  Plaintiffs maintain that the deadline to respond to the first amended complaint was January 3, 2019 (i.e., 14 days after defendants were served with the first amended complaint); that neither BAS nor BAC filed a responsive pleading by that deadline and still have not filed a responsive pleading; that these defendants' state-court denials and additional defenses predate the first amended complaint and that therefore "there is no operative pleading before this Court susceptible to amendment by either entity," Ps. Br. 4; that BAS and BAC are not seeking leave to amend a timely-filed pleading, but, instead, are seeking, for the first time, to file a document of legally operative effect 582 days after their Rule 15(a)(3) deadline to do so expired and 603 days after the deadline set in the Scheduling Order expired; that even if some of the bases for BAS's and BAC's proposed amended pleadings did not arise until after the court-imposed deadline, this does not justify their failure to timely

file *any* responsive pleading in this matter; and that BAS and BAC have made no attempt to establish why (or how) an untimely answer is allowed at this advanced stage of the proceedings.

B

BAC's and BAS's failure to file responsive pleadings to plaintiffs' first amended complaint does not, in the context of this case, preclude them from now seeking leave to amend their answer.

A responsive pleading is not always required when an amended complaint is filed. *See, e.g.,* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1365, at 142 (3d ed. 2004) (citing Fed. R. Civ. P. 12(b) and explaining that it "reflects the view that a party should not be obliged to interpose her defenses and objections to a claim for relief by motion or answer when she is not required to file a responsive pleading"). It is generally established that "[t]he failure to deny the . . . allegations in an amended complaint does not constitute an admission pursuant to [Rule 8(d)] where the original complaint contained substantially the same allegations and the defendant denied them in the answer to that complaint." *Peak v. ReliaStar Life Ins. Co.*, 2018 WL 6380772, at *2 (N.D. Ga. Sept. 28, 2018) (citing cases); *see also Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291, 297 (6th Cir. 2015) (holding that failure to file answer to second amended complaint did not constitute admissions to facts alleged in that pleading where defendants "denied allegations supporting the visitation claim in their responsive pleading to the first amended complaint. And those allegations are substantially similar to those in the second amended complaint."); *Edelman*

- 5 -

*v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014) (refusing to deem facts in fourth amended complaint as admitted since "[t]he purpose of a responsive pleading is to put everyone on notice of what the defendant admits and what it intends to contest," and concluding that because defendant "undoubtedly did this, as it had previously answered all of the allegations against it[,] [t]he plaintiffs cannot claim that they were prejudiced by [defendant's] oversight[.]"); *LaGorga v. Kroger Co.*, 407 F.2d 671, 673 (3d Cir. 1969) (holding that failure to respond to amended third-party complaint did not result in admissions under Rule 8(b)(6) by third-party defendants when the answer to the original third-party complaint had the effect of denying the crucial allegations in the amended pleading).

Moreover, courts have denied motions for default judgment based on a defendant's failure to answer an amended complaint where, as here, the defendant answered the original complaint and the amended complaint did not significantly change the allegations against that defendant.  *See, e.g., Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 8158037, at *1 (N.D. Tex. Feb. 23, 2005) (Fitzwater, J.) (holding that defendant's failure to answer second amended complaint did not entitle plaintiff to default judgment because plaintiff "was aware, despite the absence of an answer, that [defendant] denied the allegations of her second amended complaint and opposed the relief she sought," and "[j]ustice would require under the circumstances . . . that the court grant [defendant] leave to amend to deny the allegations of [plaintiff]'s second amended complaint that she has long known are contested."); *see also Daniel v. DeKalb Cty. Sch. Dist.*, 2013 WL 12095217, at *4 (N.D. Ga. Dec. 23, 2013) ("[W]hen the defendant answers an original complaint and the amended complaint makes

substantially the same allegations, the denials in the original complaint suffices as a denial to substantially similar averments in the amended complaint and in such circumstances, a default judgment is not appropriate."), *rec. adopted*, 2014 WL 12519801 (N.D. Ga. Feb. 26, 2014), *aff'd*, 600 Fed. Appx. 632 (11th Cir. 2014). As noted, plaintiffs represented to the court when seeking leave to file their first amended complaint that the proposed pleading "*does not plead any new or additional causes of action* as to [BAS and BAC]. It merely adds facts relevant to the same causes of action Plaintiffs now assert against [Bombardier]." Ps. 11/2/18 Br. 5 (emphasis added).

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The purpose of a responsive pleading is to put the plaintiff on notice of what the defendant admits and what it intends to contest. *See GLF Constr. Corp. v. Dall. Area Rapid Transit Auth.*, 2012 WL 12882075, at *1 (N.D. Tex. Mar. 7, 2012) (Solis, J.) ("[T]he purpose of an answer is to provide notice of defenses to each claim and to admit or deny each allegation asserted." (citing Rule 8(b)(1))). BAS and BAC have clearly done this by answering all of the allegations asserted against them. Especially in light of the advanced stage of this case and the fact that plaintiffs have not brought defendants' failure to answer to the court's attention until now, plaintiffs cannot now claim that they have somehow been prejudiced by BAS's and BAC's oversight; "this [is] clearly a no harm, no foul situation." *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) (finding no abuse of discretion in district

court's decision not to impose a default judgment against defendants who failed to file new answer after plaintiff amended complaint).  Finally, "[b]ecause of the great uncertainty in this area, a party ought not to be prejudiced by an innocent misstep and should be given the protection of the fourth sentence of Rule 12(b) whenever there is doubt as to her obligation to file a responsive pleading."  Wright & Miller, *supra* § 1365, at 143.

Accordingly, the court concludes, in the context of this case, that the failure of BAS and BAC to file a responsive pleading to plaintiffs' first amended complaint—in particular, to file an amended answer—does not preclude them from now seeking leave to amend the Scheduling Order so that they can assert their recently-discovered affirmative defenses.  The court will therefore proceed with its usual analysis under Rule 16(b)(4).

IV

A

When, as here, the deadline to file a motion for leave to amend the pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard.  *See S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  If the movant satisfies the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires."  Rule 15(a)(2); *see S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant is insufficient to constitute "good cause." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 248523, at *2 (N.D. Tex. Jan. 26, 2011) (Fitzwater, C.J.). Instead, the movant must show that, despite its diligence, it could not have reasonably met the scheduling deadline. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1.

B

The court begins with the first factor, which considers the movants' explanation for the delay. In support of this factor, defendants argue that the affirmative defenses they seek leave to plead were not reasonably anticipated at the time that they filed their answers and that many of the events giving rise to their newly-pleaded affirmative defenses had not, in fact, occurred before they filed responsive pleadings. Defendants seek to assert the following affirmative defenses: contract defenses (modification, ratification, impossibility/impracticability of performance, and repudiation), offset of damages incurred by BAS, estoppel, lawful possession of the Aircraft based on plaintiffs' failure to pay for

- 9 -

work performed, contributory negligence, and the one satisfaction rule.

Defendants contend that, during the pendency of this case, starting in August 2018 and continuing until today, plaintiffs have caused numerous delays to the resolution of the subject dispute and, in doing so, have caused BAS to incur substantial damages; that plaintiffs have refused to accept delivery of the Aircraft and intentionally created a cloud on the Aircraft by filing multiple baseless complaints with the Federal Aviation Administration ("FAA"); that around October 31, 2018 repairs to the Aircraft that were necessitated by the subject incident were complete, that BAS has on several occasions sought to return the Aircraft to plaintiffs, and that plaintiffs, contending that the Aircraft was not airworthy based on their own erroneous complaints to the FAA, have refused to take possession of the Aircraft and have refused to compensate BAS for the hundreds of thousands of dollars in storage fees that were agreed upon in the initial inspection agreement between the parties; that while forcing BAS to retain possession of the Aircraft, plaintiffs have insisted that BAS maintain the Aircraft and have refused to compensate BAS for the services required to do so, including additional inspections, repairs, and other valuable services and materials; that plaintiffs continuously refuse to authorize further inspections of the Aircraft, including those necessary to render it airworthy and able to be returned to service; that the conduct of plaintiffs and their representatives has been ongoing during the pendency of this litigation, and other matters revealed during the extensive discovery conducted in this case have given rise to additional affirmative defenses that defendants did not previously anticipate; and that BAS and BAC are seeking leave to file their second amended answer so that they can assert

- 10 -

various affirmative defenses, all of which arise from plaintiffs' conduct during this litigation and fall within the scope of discovery already conducted.

Plaintiffs do not seriously dispute that at least some of the bases for BAC's and BAS's proposed amendment did not arise until after the Scheduling Order's deadline for filing motions for leave to amend. *See* Ps. Br. 4 (refusing to concede this point, but without explaining why). Instead, they oppose the filing of a second amended answer on the ground that because BAS and BAC never filed an answer to the first amended complaint, "there is no operative pleading before this Court susceptible to amendment by either entity." *Id.*

For the reasons explained above, *see supra* § III, the court rejects the sole ground on which plaintiffs oppose the motion for leave to amend. Because plaintiffs do not specifically dispute defendants' contention that the conduct giving rise to their affirmative defenses "began after this litigation was initiated and after the time for Defendant BAS's and BAC's responsive pleadings," and that "the continuing nature and increasing unreasonableness of Plaintiffs' conduct is at the heart of Defendants' new pleadings," Ds. Br. 5-6, the court concludes that BAS and BAC have shown good cause for their failure to timely move for leave to amend the Scheduling Order.

C

Under the second factor, the court considers the importance of the amendment. Defendants argue, and plaintiffs do not dispute, that they are seeking leave to add affirmative defenses that should be presented at trial to allow the jury to fully adjudicate the claims in this case on the merits; that plaintiffs' ongoing conduct has prevented BAS from completing

performance of the initial agreement between the parties for the inspection and maintenance work on the Aircraft and has forced BAS to incur substantial damages; that plaintiffs' own conduct is the cause of a significant portion of the time that the Aircraft has been out of service; and that without leave to assert additional affirmative defenses to address plaintiffs' conduct during the course of this litigation, defendants will be precluded from presenting material facts and circumstances at trial and will be unable to obtain a just adjudication of plaintiffs' claims.

The court concludes that the amendment is important because it would allow BAS and BAC to assert affirmative defenses that may impact plaintiffs' ability to recover and the amount plaintiffs can recover from these defendants. For example, defendants contend that the contractual storage fees that BAS now seeks to recover as offset (or as a counterclaim) exceed $600,000. Therefore, this factor weighs in favor of granting the motion to modify the Scheduling Order.

D

The court will consider together the third factor—the potential prejudice to plaintiffs in allowing the amendment—and the fourth factor—the availability of a continuance to cure any such prejudice. Defendants maintain that plaintiffs will not suffer prejudice. They contend that the plaintiffs should not be surprised by the affirmative defenses being added because they are not ignorant of their own conduct and the grounds for these defenses were revealed during discovery conducted on plaintiffs' claims. Defendants also contend that the parties have been progressing through discovery and are cooperating to complete any further

discovery required.  Plaintiffs do not argue that they will be prejudiced if the court allows the amendment.

The court concludes that these factors weigh in favor of granting leave to amend. Plaintiffs have not identified any prejudice that they will suffer as a result of the amendment, and they do not dispute defendants' contention that they will not be surprised by the affirmative defenses defendants seek to add.  Moreover, although the discovery deadline has already passed in this case, defendants do not suggest that they will require additional discovery to support their newly-asserted affirmative defenses or that they will be unable to cooperate with plaintiffs to complete any further required discovery.  Finally, trial in this case is set for the two-week docket of June 14, 2021, but neither plaintiffs nor defendants suggest that a continuance would be unavailable if needed.  Accordingly, the court concludes that the third and fourth factors weigh in favor of granting leave to amend.

E

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side.  And it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

All of the factors in this case weigh in favor of amending the Scheduling Order. Defendants have shown good cause for their failure to move for leave to amend by the Scheduling Order deadline; the proposed amendment is important; plaintiffs have failed to

demonstrate prejudice if the amended pleading is allowed; and a continuance is available to cure any prejudice that plaintiffs may incur.  In fact, the *only* ground plaintiffs proffer for denying the motion to amend as to defendants BAS and BAC is that these defendants are in procedural default based on their failure to answer the amended complaint.  But for the reasons explained above, the court rejects this argument.  The court concludes that BAS and BAC have demonstrated good cause under Rule 16(b)(4) for amending the Scheduling Order to permit them to file their motion for leave to file second amended answers.

## V

Having found good cause to amend the scheduling order, the court now turns to the question whether leave to amend should be granted under Rule 15(a).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).  Granting leave to amend, however, "is by no means automatic."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted).  In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Id.* (citing cases).

Having considered the parties' positions, the court is not persuaded that it should vary

- 14 -

in this case from Rule 15(a)(2)'s admonition that leave to amend should freely be given when justice so requires.  Accordingly, the court grants defendants' motion to amend under the standard of Rule 15(a)(2).

VI

Finally, the court considers plaintiffs' motion for default judgment.

Because the court today is permitting BAS and BAC to file second amended answers, there is no longer a basis to find that BAS and BAC are in default.  The court therefore denies plaintiffs' motion for default judgment, which is based solely on BAC's and BAS's failure to file responsive pleadings to plaintiffs' first amended complaint.

*   *   *

Accordingly, for the reasons explained, the court grants BAS's motion for leave to file its original compulsory counterclaim; grants defendants' motion for leave to file amended answers; and denies plaintiffs' motion for default judgment.

The court directs the clerk of court to file today BAS's original compulsory counterclaim, Bombardier's first amended answer, BAS's second amended answer, and BAC's second amended answer.

**SO ORDERED**.

October 23, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE