IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIRCRAFT HOLDING SOLUTIONS, LLC, et al., | § § § | |
| Plaintiffs-counterdefendants, | § § | |
| VS. | § § § | Civil Action No. 3:18-CV-0823-D |
| LEARJET, INC. d/b/a BOMBARDIER AIRCRAFT SERVICES (BAS), | § § § | |
| Defendant-counterplaintiff, | § § § | |
| and | § § | |
| BOMBARDIER INC., | § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs-counterdefendants Aircraft Holding Solutions, LLC ("AHS") and CH300,

LLC ("CH300") (collectively, "plaintiffs," unless the context otherwise requires) move for

leave to withdraw and amend answers to requests for admission, for leave to file first

amended answer and affirmative defenses to defendant-counterplaintiff's original

compulsory counterclaim, for leave to file a second amended complaint, and to extend the

summary judgment motions deadline and completion of discovery deadline. For the reasons

that follow, the court grants the three motions for leave to amend, grants in part and denies

in part the motion to extend the summary judgment motions deadline and completion of

discovery deadline, and permits defendants to amend or supplement their pending summary

judgment motions.

I

Plaintiffs own a 2005 Challenger 300 airplane ("Aircraft") that was damaged when it fell from its jacks during a routine periodic inspection.  They filed this lawsuit in Texas state court against defendant-counterplaintiff Learjet, Inc. d/b/a Bombardier Aircraft Services ("BAS") and defendant Bombardier Aerospace Corporation ("BAC"), alleging various claims under Texas law.  Following removal, plaintiffs added Bombardier Inc. ("Bombardier") as a defendant, and in April 2021 the parties stipulated to the dismissal of all of plaintiffs' claims against BAC.  BAS and Bombardier (collectively, "defendants," unless the context otherwise requires) are the remaining defendants.

On May 15, 2018 the court entered a scheduling order ("Scheduling Order") that, *inter alia*, set December 3, 2018 as the deadline for moving for leave to amend the pleadings and July 1, 2019 as the deadline for filing dispositive motions.  On August 19, 2020 the court entered an order continuing the trial date and extending the summary judgment motion deadline until March 19, 2021.

On November 2, 2018 plaintiffs timely moved for leave to amend their complaint to add Bombardier as a necessary party.  The court granted plaintiffs' motion, *see Aircraft Holding Solutions, LLC v. Learjet, Inc.*, 2018 WL 6696350, at *2 (N.D. Tex. Dec. 20, 2018) (Fitzwater, J.), and on December 20, 2018 plaintiffs filed their first amended complaint.  On October 23, 2020 the court granted BAS's unopposed motion for leave to file its original compulsory counterclaim.  *See Aircraft Holding Solutions, LLC v. Learjet, Inc.*, 2020 WL

6262183, at \*2 (N.D. Tex. Oct. 23, 2020) (Fitzwater, J.).

On March 15, 2021 plaintiffs filed a motion for leave to withdraw and amend answers to requests for admission. On March 17, 2021 they filed a motion for leave to file first amended answer and affirmative defenses to BAS's original compulsory counterclaim. And on March 18, 2021 plaintiffs filed a motion for leave to file a second amended complaint and a motion to extend the summary judgment motions deadline and completion of discovery deadline.[1] All parties filed motions for summary judgment or partial summary judgment on March 19, 2021. The court now decides plaintiffs' three motions for leave and their motion to extend, which defendants oppose.[2]

## II

The court first considers plaintiffs' motion under Fed. R. Civ. P. 36(b) to withdraw and amend their answers to eight requests for admission ("RFAs").

## A

Rule 36(b) provides, in relevant part, that the court "may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining

---

[1]Plaintiffs filed the motion to extend deadlines as an emergency motion. The court on March 19, 2021 declined to consider the motion on an emergency basis.

[2]The following motions remain pending after today's decision: BAS's March 19, 2021 motion for partial summary judgment; Bombardier's March 19, 2021 motion for summary judgment; plaintiffs' March 19, 2021 motion for partial summary judgment as to BAS and Bombardier; and defendants' June 7, 2021 motion for leave to amend expert disclosures and substitute non-retained expert.

or defending the action on the merits." Rule 36(b) places a burden on both the party making and the party obtaining the admission. "The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him." *Aperia Sols., Inc. v. Evance, Inc.*, 2021 WL 961672, at *2 (N.D. Tex. Mar. 15, 2021) (Starr, J.) (quoting *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004)). Rulings granting or denying leave to withdraw or amend Rule 36 admissions are reviewed for abuse of discretion. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

B

The court begins with Rule 36(b)'s first prong. Under this prong:

> consideration is given to whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.

*Fakhuri v. Farmers New World Life Ins. Co.*, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010) (quoting *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion)). Plaintiffs contend that this prong is satisfied because they are seeking to amend Rule 36 responses that unintentionally, and through an honest misunderstanding of the facts, indicate that AHS was a party to Work Order 198284 when, in fact, AHS was *not* a party to this contractual agreement; that the admissions, as they stand, are contrary to the record of the case; that, if left standing, the admissions plaintiffs

- 4 -

seek to withdraw would potentially render an unjust result under the law by way of an opportunistic application of Rule 36; and that withdrawal and amendment of the admissions would promote the presentation of the merits of the action because plaintiffs would no longer need to present evidence of AHS's contractual agreement with defendants or of any resulting damages, and defendants would be relieved of the burden of collecting evidence and proving any contractual defenses against AHS.  Defendants "agree that amending the responses at issue could impact the resolution of the remaining issues in this case and corrects errors of fact that Plaintiffs admit their prior responses contained." Ds. Br. (ECF 123) at 4.

The court concludes that plaintiffs have met their burden with respect to the first Rule 36(b) prong.  They have shown—and defendants do not contend otherwise—that they made an honest error in initially responding to defendants' requests for admissions, that the admissions they seek to correct are contrary to the record in the case, and that permitting them to withdraw and amend the eight identified answers to defendants' RFAs would promote the presentation of the merits in the case.  The court thus turns to the second prong, i.e., whether permitting plaintiffs to withdraw and amend would prejudice defendants.

C

Under Rule 36(b)'s second prong, consideration is given to whether withdrawal or amendment would prejudice the requesting party in maintaining or defending the action on the merits.  "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *S.E.C. v. AmeriFirst Funding, Inc.*, 2008 WL

2073498, at *2 (N.D. Tex. May 13, 2008) (Fitzwater, C.J.) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). "That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *Id.* (citation omitted). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le*, 2007 WL 715260, at *3. "[A] court acts within its discretion in considering the fault of the party seeking withdrawal." *Id.* at *2.

Plaintiffs contend that withdrawing and amending the identified admissions will not prejudice defendants. They maintain that they notified defendants of their intent to amend their responses more than four months before the expiration of the discovery period and more than two months before summary judgment motions were due; that defendants did not depose any of plaintiffs' witnesses prior to plaintiffs' notifying them on January 5, 2021 that they intended to amend their responses; that "the admissions are intended to reduce the burden of proving Plaintiffs' claims as well as Defendants['] burden to prove defenses to AHS's previously perceived contractual agreement with Defendants," and there should therefore not be any need for additional discovery; and that defendants will still have the opportunity to question plaintiffs' corporate representatives regarding AHS's contractual relationship, or lack thereof, under Work Order 198284. Ps. Br. (ECF 99) at 8.

Defendants respond that the court should not excuse plaintiffs' "lack of diligence from

first notifying Defendants of their intention on January 5, 2021 to *actually seeking leave* as

the dispositive motion and discovery deadlines were nearly at hand." Ds. Br. (ECF 123) at

4. According to defendants:

> Plaintiffs first indicated to Defendants that they were considering seeking leave to amend and withdraw these admissions and to file the First Amended Answer in January of 2021. However, they did not indicate that the[y] intended to definitively take action and actually move for leave until March 15 and March 17, respectively, *just days before the summary judgment deadline*. By that time, there was no guarantee at all that relief would be granted by the Court[.] With a March 19, 2021 summary judgment deadline fast approaching, and no guarantee that Plaintiffs could carry their burden and persuade the Court to grant leave, Defendants had no choice but to prepare summary judgment motions based on the then-current record and pleadings.

*Id.* Defendants argue that if the court grants plaintiffs the relief they seek, defendants will

be forced to seek leave to reassert dispositive motions on the revised record and pleadings,

and will compound their legal fees reasserting their summary judgment motions in a manner

that aligns with the second amended complaint and revised record.

The court is not persuaded that permitting plaintiffs to amend their answers to the

RFAs will prejudice defendants in maintaining BAS's counterclaim or defending plaintiffs'

action on the merits. Although plaintiffs did not file their motion until days before the

summary judgment deadline, defendants were aware as early as January 2021 that plaintiffs

intended to seek this relief. Defendants do not maintain that plaintiffs' delay prevented them

from obtaining the evidence they require to defend this case on the merits. Defendants

contend instead that they will be prejudiced by the proposed amendments because they have

already filed motions for summary judgment based on the claims as pleaded, and the then-current record. But the prejudice defendants describe in their response—i.e., the need to seek additional relief so that they can reassert dispositive motions on the amended pleadings and revised record —is not the type of prejudice that Rule 36(b) envisions. "The prejudice contemplated by the Rule . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Fakhuri*, 2010 WL 3701575, at *2 (alteration in original) (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Moreover, any prejudice resulting from defendants' having already filed their motions for summary judgment can be ameliorated by permitting defendants to amend or supplement their motions. *See infra* § IV. Finally, although plaintiffs delayed in filing their motion, they provided defendants earlier notice of their intent to do so, and in fact made an effort to avoid the prejudice defendants now describe by moving (albeit on an emergency basis[3]) to extend the summary judgment motions deadline and completion of discovery deadline.

Considering the wide discretion afforded the court under Rule 36, plaintiffs' diligence in informing defendants of their intent to seek leave to amend the RFAs, and the absence of any prejudice that cannot be cured by permitting amended or supplemental summary judgment briefing, the court grants plaintiffs' motion.

---

[3]*See supra* note 1.

III

The court next considers together plaintiffs' motion for leave to file a second amended complaint and their motion for leave to file first amended answer and affirmative defenses to BAS's original compulsory counterclaim.

A

Plaintiffs seek to amend their complaint to remove BAC as a party, to define which of their affirmative claims are owned by AHS and which are owned by CH300, and to clarify that AHS was not a party to any proposal or contract relating to the maintenance of the Aircraft. They seek to amend their answer and affirmative defenses to address alleged errors in BAS's counterclaim, to clarify their affirmative defenses by reducing the number and deleting those that are no longer applicable, and to streamline the facts (e.g., by clarifying that AHS is not a party to any contract with BAS) so that the first amended answer is consistent with facts that have come to light during discovery.

B

When, as here, the deadline to file a motion for leave to amend the pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). If the movants satisfy the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court

- 9 -

should freely give leave when justice so requires."  Rule 15(a)(2); *see S & W Enters*., 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters*., 315 F.3d at 536 (internal quotation marks and brackets omitted).  "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc*., 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).  Mere inadvertence on the part of the movant is insufficient to constitute "good cause." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 248523, at *2 (N.D. Tex. Jan. 26, 2011) (Fitzwater, C.J.).  Instead, the movant must show that, despite its diligence, it could not have reasonably met the scheduling deadline. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1.

## C

Plaintiffs do not address the Rule 16(b)(4) good cause standard in their motion for leave to file their first amended answer and affirmative defenses or in their motion for leave to file second amended complaint, although they do discuss the four factors in their replies. "When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June

30, 2010) (Fitzwater, C.J.).  But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear.  *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test.").  Accordingly, because the grounds on which plaintiffs rely enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether plaintiffs have met the good cause standard of Rule 16(b)(4) to amend the scheduling order.

## D

### 1

The court begins with the first factor, which considers the movants' explanation for the delay.  In support of this factor, plaintiffs contend that it was not until December 2020 and January 2021 (more than two years after the deadline for amending pleadings had elapsed), when they were preparing their corporate representative for his January 7, 2021 deposition, that they realized they had mistakenly indicated that AHS was a party to the proposal dated February 7, 2017 and work order dated March 28, 2017, when, in fact, CH300 was the only plaintiff who was a party to these contracts; that "although the information regarding AHS not being a contract party that necessitated the need for amendments (that are not lien related) comes from Plaintiff AHS's representative (Roman Ruiz [("Ruiz")]), the complexity of the case combined with the simple fact that he is not a lawyer combined with

the fleshing out of facts in preparation for his deposition was the catalyst for the amendments," Ps. Reply (ECF 144) at 5; and that plaintiffs have prosecuted this matter diligently, but the discovery that necessitated the amendments had simply not yet occurred at the time the December 3, 2018 deadline for amendments passed.  In support of their motion for leave to file a second amended complaint, plaintiffs argue, additionally, that the need to add claims (quiet title and declaratory judgment) did not arise until BAS asserted a possessory lien on the Aircraft on December 15, 2020, and that the revelation that AHS was not a party to the contracts (noted above) has led to the dismissal of several causes of action and a defendant.

Defendants respond that they do not oppose the "merits" of plaintiffs' proposed first amended answer, "which, it appears, chiefly seeks to clarify which Plaintiff contracted with which Defendant, but with the process by which Plaintiffs have sought leave to file it," i.e., plaintiffs' "lack of diligence from first notifying Defendants of their intention on January 5, 2021 to actually seeking leave as the dispositive motion and discovery deadlines were nearly at hand." Ds. Br. (ECF 122) at 3-4.  In opposition to plaintiffs' motion for leave to file a second amended complaint, defendants add that the proposed amended pleading asserts two claims for the first time and that, although the claims relate to facts that allegedly arose in December of 2020, plaintiffs have waited more than three months to seek leave to assert them.  Defendants also argue that, to the extent plaintiffs rely on Ruiz's testimony to explain their need for an amendment, "the knowledge giving rise to the alleged need for an amendment was already within the knowledge of Plaintiffs before this suit was ever filed,

- 12 -

yet an amendment is sought on the ever of a summary judgment deadline [and] [t]here is no explanation for this delay."  Ds. Br. (ECF 121) at 4.

To the extent that plaintiffs' proposed amendments are based information that they did not discover until December 2020 or January 2021 (i.e., that AHS was not a party to certain contracts and that BAS was asserting a possessory lien on the Aircraft), plaintiffs have shown good cause for not seeking leave to amend their pleadings by the Scheduling Order's December 3, 2018 deadline.  But because plaintiffs delayed in moving for leave to amend once they obtained this information, the court concludes that this factor weighs only slightly in favor of permitting the amendments.  Plaintiffs have failed to provide an explanation for waiting until days before summary judgment motions were due to file their motions for leave to amend, when they knew as early as January 5, 2021 that they intended to seek such leave.

2

Under the second factor, the court considers the importance of the amendment. Plaintiffs argue, and defendants do not dispute, that the amendments they seek are "critical" because they correct misstatements in the record, provide a cleaner prosecution and defense of the matter by dismissing several causes of action against two defendants and dismissing a third defendant entirely, and "clean[] up the matters before the Court as they relate to Plaintiffs' claims and Defendant BAS's counter-claim."  Ps. Reply (ECF 146) at 5.  With respect to the second amended complaint, plaintiffs maintain that the amendment is critical because it allows them to bring two new claims that arose solely from defendants' December

15, 2020 filing of a lien on the Aircraft.  The court concludes that the amendment is important for the reasons plaintiffs set out, and that this factor weighs in favor of granting the motion to modify the Scheduling Order.

3

The court will consider together the third factor—the potential prejudice to defendants in allowing the amendment—and the fourth factor—the availability of a continuance to cure any such prejudice.

a

Regarding the third factor, defendants maintain that they will be prejudiced by the amendments.  They contend that, although plaintiffs first indicated that they were considering seeking leave to file the second amended complaint and first amended answer in January 2021, plaintiffs did not indicate that they intended to definitively take action, and did not move for leave to amend, until March 18, 2021, one day before the summary judgment motion deadline.  Defendants posit that because they believed there was no guarantee that the relief plaintiffs sought would be granted, they had no choice but to prepare summary judgment motions based on the then-current record and pleadings.  Regarding plaintiffs' motion for leave to amend answer, defendants contend that the issue of which parties were bound to the contracts in question, and their limitations and disclaimers, is a key and live issue in the case, that plaintiffs' amendment would change the nature of the record before the court, and that plaintiffs' extremely late amendment is unjustified.  With respect to plaintiffs' motion for leave to file second amended complaint, defendants contend:

- 14 -

> [w]ith a total of nine claims collectively asserted against three separate Defendants by two separate Plaintiffs, a March 19, 2021 summary judgment deadline fast approaching, and no guarantee that Plaintiffs could satisfy their burden to show good cause for an amendment three months before trial and long after the deadline, Defendants had no choice but to prepare summary judgment motions as to all asserted claims, which would not have been necessary had Plaintiffs acted with the required diligence to justify the relief that they seek.  And if the Court grants Plaintiffs the relief that they seek, the summary judgment deadline will have passed, forcing the remaining Defendants to seek additional relief so they can reassert dispositive motions, including potentially as to two newly-asserted claims.

Ds. Br. (ECF 121) at 4-5.

As to the fourth factor—the availability of a continuance—defendants maintain that although a continuance would likely allow defendants to adequately assert their challenges to plaintiffs' claims on summary judgment, the claims as currently pleaded are already subject to pending summary judgment motions, and even a continuance would not alleviate the prejudice of additional costs to defendants caused by plaintiffs' dilatoriness.

In reply, plaintiffs maintain that they gave defendants early written notice of their intent to amend their live pleadings and admissions and provided defendants a draft of both the second amended complaint (on January 6, 2021) and first amended answer (on February 10, 2021).  Plaintiffs contend that defendants questioned AHS's corporate representative during his January 2021 deposition regarding the substance of the proposed amendments, and that "the subject matter of the proposed amendments effectively became part of the record . . . as early as January 7, 2021." Ps. Reply (ECF 144) at 7.  Regarding the pending summary judgment motions, plaintiffs contend that each defendant has already argued in its summary

- 15 -

judgment briefing that AHS is *not* a party to any contract (which is in accordance with plaintiffs' proposed amended pleadings), and that there is no reason why defendants should need to re-file their motions.  Finally, plaintiffs posit that, when defendants were first notified of plaintiffs' intent to amend their pleadings and admissions, defendants did not indicate that they were opposed and, in fact, did not indicate their opposition until March 12, 2021; that "to at least some degree, any supposed prejudice potentially caused by the timing of Plaintiffs' Motion has been aggravated by Defendants' own failure to indicate their opposition until the very last moment," *id.* at 10; and that, moreover, defendants refused to agree to plaintiffs' proposed extension of the summary judgment and discovery deadlines, which would have lessened any prejudice about which they now complain.

b

As a preliminary matter, the court is not convinced that defendants will actually suffer any prejudice as a result of the proposed amendments.  This is because plaintiffs' amended pleadings appear to be largely consistent with the position defendants take in their summary judgment briefing, i.e., that AHS is not a party to any contract.  But regardless, any prejudice that defendants *may* experience as a result of the late amendment of pleadings is minimal and can be ameliorated by permitting them to amend or supplement their summary judgment briefing as set forth below.  *See infra* § IV.  And the trial in this case is set for the two-week docket of October 12, 2021, and neither plaintiffs nor defendants suggest that a continuance would be unavailable, if needed.  Accordingly, the court concludes that the third and fourth factors weigh in favor of granting leave to amend.

- 16 -

4

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side. And it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *E.E.O.C. v. Serv. Temps, Inc*., 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

All of the factors in this case weigh (at least slightly) in favor of amending the Scheduling Order. Plaintiffs have shown good cause for their failure to move for leave to amend by the Scheduling Order's December 3, 2018 deadline; the proposed amendment is important; defendants have failed to demonstrate prejudice that cannot be ameliorated by permitting additional summary judgment briefing; and a continuance is available to cure any prejudice defendants may incur. The only potentially persuasive ground that defendants proffer for denying plaintiffs' motions is their "substantial delay in requesting leave." Ds. Br. (ECF 121) at 3. But plaintiffs have justified their delay based, at least in part, on the following: they notified defendants in January 2021 of their intent to seek leave to amend; defendants deposed plaintiffs' expert on the topic of the amendments; defendants did not indicate any objection to the proposed amendments until March 2021; and plaintiffs sought to extend the summary judgment deadlines until after the court ruled on their pending motions. The court therefore concludes that plaintiffs have demonstrated good cause under Rule 16(b)(4) for amending the Scheduling Order to permit them to file their motion for leave to file second amended complaint and to file their motion for leave to file first amended

answer and affirmative defenses.

## E

Having found good cause to amend the Scheduling Order, the court now decides whether leave to amend should be granted under Rule 15(a).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases).

Having considered the parties' positions, the court is not persuaded that it should vary in this case from Rule 15(a)(2)'s admonition that leave to amend should freely be given when justice so requires. Accordingly, the court grants plaintiffs' motions to amend under the standard of Rule 15(a)(2).

- 18 -

IV

Finally, the court considers plaintiffs' motion to extend summary judgment motions deadline and completion of discovery deadline.

In their reply, plaintiffs state that, because the parties have already exchanged motions for summary judgment and responses, plaintiffs no longer seek an extension of the summary judgment deadline. They do, however, re-urge their motion for a 30-day extension of the discovery deadline so that the parties can complete a number of depositions that were scheduled beyond the deadline and so that defendants can conduct any additional discovery they deem necessary based on plaintiffs' second amended complaint and amended answer.

Defendants do not oppose an extension of the discovery deadline to "accomplish[] limited expert discovery and depositions to which Defendants have agreed." Ds. Br. (ECF 120) at 2; *id.* at 3 ("Defendants . . . do not oppose an extension of the discovery deadline, so long as the only permitted additional discovery is expert depositions, two other fact depositions, Dennis Biles and a corporate representative deposition, that have been agreed to between the parties.").

Accordingly, the court grants plaintiffs' motion to the extent that plaintiffs request an additional 30 days from the date this memorandum opinion and order is filed to conduct the depositions they have agreed to postpone to accommodate defendants' trial obligations in another matter. *See* Ps. Reply (ECF 143) at 2 (describing "agreement to take the remaining fact witnesses, all of Defendants['] corporate representative depositions and expert depositions at a time which accommodates Defendants' trial obligations").

But because plaintiffs have not specified what additional discovery they believe defendants may require related to the allegations and claims asserted in the amended pleadings that the court permits to be filed today, and because defendants do not request, and in fact oppose, "a blanket extension of the discovery deadline," Ds. Br. (ECF 120) at 3, the court denies plaintiffs' request to the extent they seek to extend the discovery deadline for the purpose of conducting additional discovery related to their amended pleadings.

The court does, however, grant defendants 60 days from the date this memorandum opinion and order is filed to amend or supplement their summary judgment motions already on file.  If defendants make amended or supplemental filings, plaintiffs may file responses, briefs, and appendixes, and defendants may file replies, within the deadlines prescribed in N.D. Tex. Civ. R. 7.1(e) and (f).

\*   \*   \*

Accordingly, for the reasons explained, the court grants plaintiffs' motion for leave to withdraw and amend answers to requests for admission; grants plaintiffs' motion for leave to file first amended answer and affirmative defenses to BAS's original compulsory counterclaim; and grants plaintiffs' motion for leave to file a second amended complaint. The court grants in part and denies in part plaintiffs' motion to extend the summary judgment motions deadline and completion of discovery deadline.

The court directs the clerk of court to file today plaintiffs' first amended answer and affirmative defenses (ECF 102, Ex. 4) and plaintiffs' second amended complaint (ECF 105, Ex. 3).  The parties are given 30 days from the date this memorandum opinion and order is

filed to conduct the additional agreed-upon depositions, and defendants are permitted to amend or supplement their summary judgment motions already on file within 60 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 15, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE