IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIRCRAFT HOLDING SOLUTIONS, LLC, et al., | § | |
| | § | |
| | § | |
| Plaintiffs-counterdefendants, | § | |
| | § | Civil Action No. 3:18-CV-0823-D |
| VS. | § | |
| | § | |
| LEARJET, INC. d/b/a BOMBARDIER AIRCRAFT SERVICES (BAS), | § | |
| | § | |
| | § | |
| Defendant-counterplaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| BOMBARDIER INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court recently dismissed the action of plaintiff-counterdefendant Aircraft Holding Solutions, LLC ("AHS") against defendant Bombardier Inc. ("Bombardier"), and, in a Fed. R. Civ. P. 54(b) final judgment, awarded Bombardier its taxable costs of court, as calculated by the clerk of court. After the clerk taxed Bombardier's costs, AHS filed the instant motion to review the actions of the clerk of court and objection to Bombardier's bill of costs. For the reasons explained, the court grants in part and denies in part the motion and objection and awards Bombardier the sum of $9,312.18 in taxable costs, payable by AHS.

I

On February 23, 2022 the court entered a Rule 54(b) final judgment in favor of Bombardier against AHS in which it assessed Bombardier's taxable costs of court against AHS.[1]  Bombardier then filed with the clerk of court a bill of costs seeking $28,191.45 in taxable costs.  After the clerk taxed the costs in this total sum, AHS moved the court to review the actions of the clerk of court and objected to Bombardier's bill of costs.  AHS moves to deny Bombardier's bill of costs its entirety, or, alternatively, requests that the court reduce the amount of awarded costs to the sum of $8,954.48.[2]  Bombardier opposes AHS's motion and objection, or, alternatively, offers to accept a reduction in the sum of $1,597.50.  The court is deciding AHS's motion and objection on the briefs.

II

A

A prevailing party in a civil action is entitled to recover its costs unless the court otherwise directs.[3]  *See* Rule 54(d)(1) ("Unless a federal statute, these rules, or a court order

---

[1]A more detailed recitation of the pertinent background facts and procedural history of the AHS-Bombardier dispute can be found in the court's February 23, 2022 memorandum opinion and order.  *See Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2022 WL 562760, at *1-3 (N.D. Tex. Feb. 23, 2022) (Fitzwater, J.).

[2]In its initial motion, AHS states that the sum should be $8,954.18, but elsewhere says it should be $8,954.48.  But its reply appears to clarify that the sum should be $8,954.48.

[3]The parties do not dispute that Bombardier is the prevailing party.  *See Sullivan v. Worley Catastrophe Servs., L.L.C.*, 591 Fed. Appx. 243, 248 (5th Cir. 2014) (per curiam) ("The district court's order granting summary judgment to Worley was undeniably an award of relief [making him the prevailing party].").  Nor do the parties dispute that AHS timely filed its motion seeking review of Bombardier's costs or that the court can review these costs.

- 2 -

provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). This Rule codifies "a venerable presumption that prevailing parties are entitled to cost" and leaves discretion to award costs to the court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). The court, however, "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quotation omitted).[4]

Moreover, while Rule 54 gives a court the discretion to award or reduce costs, 28 U.S.C. § 1920 limits the type of costs the court may award. *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004) ("[F]ederal courts are bound by the limitations set out in . . . § 1920." (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)); *OMG, LP v. Heritage Auctions, Inc.*, 2015 WL 12672698, at *4 (N.D. Tex. Apr. 14, 2015) (Ramirez, J.), *rec. adopted*, 2015 WL 4006066 (N.D. Tex. June 30, 2015) (Lindsay, J.).

Section 1920 provides the types of costs that are recoverable:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

---

Rule 54 provides that "[o]n a motion served within the next 7 days [after the clerk taxes costs], the court may review the clerk's action." *See Nieman v. Hale*, 2015 WL 5896064, at *2 (N.D. Tex. Aug. 4, 2015) (Horan, J.) ("[A] district court, however, may review the Clerk's determination . . . ."), *rec. adopted*, 2015 WL 5896125 (N.D. Tex. Oct. 6, 2015) (Boyle, J.).

[4]In reviewing the clerk of court's determination, the court applies a *de novo* standard. *Nieman*, 2015 WL 5896064, at *2.

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In sum, "[a] district court may decline to award statutory costs, but may not award costs omitted from the statute." *Hoffman v. L & M Arts*, 2015 WL 1000864, at *7 (N.D. Tex. Mar. 6, 2015) (Fitzwater, J.).

B

Before turning to the parties' specific arguments, the court briefly discusses the respective burdens on the prevailing party and the objecting party when a dispute arises over the taxation of costs,[5] because both parties bear burdens.

To begin, the prevailing party—here, Bombardier—bears the burden of proving the amount and necessity of the costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) ("[T]he party seeking such costs must offer some proof of the necessity."); *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (stating that the party seeking costs "had fulfilled its burden of justifying the necessity of obtaining the depositions

---

[5]The court does so because the parties starkly disagree about who has the burden to show the impropriety (or propriety) of Bombardier's taxable costs. *Compare* P. Reply (ECF No. 223) at 7 ("Plaintiff disagrees that Bombardier has carried its burden to prove that the costs [of the litigation packages] are necessary and not merely incidental or convenient."), *with* D. Resp. (ECF No. 220) at 5 ("The burden is on Plaintiffs to demonstrate the impropriety of [the litigation packages]. They have failed to meet that burden." (citation omitted)).

- 4 -

and copies at issue"); *OMG, LP*, 2015 WL 12672698, at *4 ("The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs."); *Waggoner v. Trans Union, LLC*, 2003 WL 22838718, at *2 (N.D. Tex. Nov. 24, 2003) (Fish, C.J.) ("The Fifth Circuit has also held that the party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was 'necessarily obtained for use in the case.'").

Once the prevailing party meets its initial burden to show the amount and necessity of the costs it seeks, the objecting party has the burden "of persuading the Court that [the clerk's taxation] was improper." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, 2014 WL 12577383, at *1 (N.D. Tex. Mar. 18, 2014) (Toliver, J.), *rec. adopted*, 3:10-CV-1842-G, slip. op. at 3 (N.D. Tex. July 16, 2014) (Fish, J.); *see Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) ("[T]he language of the rule [Rule 54(d)(1) ] reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption." (internal quotation marks omitted) (quotation omitted)); *Kent v. Vicksburg Healthcare, L.L.C.*, 534 Fed. Appx. 229, 230 (5th Cir. 2013) (per curiam) (same); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*,1995 WL 813691, at *3 (N.D. Tex. Oct. 17, 1995) (Solis, J.) (same); *Cormier v. Lafayette City-Par. Consol. Gov't*, 2013 WL 5756158, at *2 (W.D. La. Oct. 23, 2013) (noting the two burdens).

In sum, the prevailing party has an initial burden to show the "amount" and "necessity" of the costs it seeks. *See Malagon v. Crescent Hotel & Resorts*, 2018 WL 2329305, at *2 (N.D. Tex. May 23, 2018) (Ramirez, J.) ("[The Defendant] supports its

request with itemized billing records and documentation for the recoverable costs.  Defendant has met its burden of establishing the amount and necessity of its costs in the amount of $2,312.25." (citation omitted)).  After the prevailing party meets this burden, the objecting party is obligated to show that a particular taxed cost is improper.  *Super Sack Mfg. Corp.*, 1995 WL 813691, at *3 ("[T]he burden is on the losing party to show the impropriety of taxing a particular deposition as a cost.").

### III

### A

AHS seeks a reduction in the clerk's award of taxable costs for two reasons.[6]  First, AHS maintains that Bombardier should have segregated (but did not) the costs incurred for depositions by Bombardier's and its codefendants' joint counsel.  AHS contends that, because the statute only permits the "prevailing party" to recover taxable costs and Bombardier is so far the only "prevailing party" in this case, it cannot recover its codefendants' taxable costs, and the costs incurred for these depositions should be divided *pro rata* among the codefendants.[7]  Second, AHS contends that Bombardier has added

---

[6]The court overrules AHS's request to deny in its entirety Bombardier's award of taxable costs.  AHS does not provide any discussion or legal basis for this request, merely stating in a parenthesis at the end of its motion that this request is based on "the impropriety of [Bombardier's] submission."  P. Mot. (ECF No. 218) at 11.  Because the court concludes that there is no persuasive basis to deny Bombardier all the taxable costs awarded by the clerk of court, the court denies AHS's request.

[7]The "deposition costs" that AHS challenges relate to the total deposition cost, including the entire itemized bill (not just the transcripts) related to those depositions.

- 6 -

incidental expenses to its bill of costs, which are not taxable.[8]  AHS posits that other courts have denied many of the costs that Bombardier seeks, including "litigation packages," "administrative fees," "processing and compliance fees," "digital transcripts," "video conference fees," "expert witness fees," and "virtual participation fees."

Bombardier responds that AHS has not identified any legal rule that requires Bombardier to divide its deposition expenses by the number of codefendants.  Rather, according to Bombardier, it need only show that the depositions were necessary for use in

---

[8]Bombardier contends that AHS's challenge to Bombardier's expenses as "incidental" should be dismissed because the parties did not confer about this challenge before AHS filed its motion and objection, in violation of the conference requirement of N.D. Tex. Civ. R. 7.1(b).  The court declines to accept Bombardier's contention.

First, AHS raised this challenge.  In emails with Bombardier, AHS mentioned that it would challenge costs that are not recoverable under § 1920 (although it did not specify which costs they were).  And in response, Bombardier acknowledged that it understood AHS's argument and only sought costs for transcripts and interpreters, which it contended were permitted.

Second, even if the court assumes *arguendo* that AHS did fail to confer, that failure does not warrant summary dismissal of AHS's challenge to Bombardier's expenses as "incidental."  While this court routinely cautions that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated," *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.), the court also retains the discretion to grant a motion despite a movant's failure to follow the local rules, *Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) (Solis, C.J.).  Because AHS's failure to follow local rules—assuming there was such a failure—has not interfered with the court's decisional process, and there is no indication that Bombardier would have agreed to the relief in question had AHS first conferred with Bombardier, the court declines to summarily dismiss AHS's motion based on its (assumed) failure to abide by the conference requirement of Rule 7.1(b).  *See, e.g.*, *Architettura, Inc. v. DSGN Associates Inc.*, 2017 WL 3311197, at *1 n.2 (N.D. Tex. Aug. 3, 2017) (Fitzwater, J.); *Fletcher v. United States*, 2011 WL 8107056, at *1 n.1 (N.D. Tex. Aug. 23, 2011) (Fitzwater, C.J.) ("Although Fletcher filed his response late on August 22, 2011, the court will consider it because the timing has not interfered with the decisional process of the court.").

- 7 -

the case, which it contends it has shown.  Bombardier also posits that AHS has failed to meet its burden of showing the impropriety of Bombardier's expenses.  And Bombardier maintains that AHS's concern that Bombardier may recover expenses of other defendants is misplaced because those codefendants will not seek a double recovery.  Finally, in the alternative, Bombardier agrees to a cost reduction of $1,597.50.

B

The court turns first to AHS's contention: that Bombardier should have segregated (but did not) the costs incurred for depositions by Bombardier's and its codefendants' joint counsel.  AHS does not maintain that Bombardier's deposition costs were not "necessarily obtained for use in the case."[9]  Rather, it essentially challenges whether Bombardier has proved that Bombardier (not its codefendants) bore the amount listed.[10]

Bombardier has failed to meet its burden.  As discussed, costs are only available to the *prevailing party* (here, Bombardier).  *See* Rule 54(d)(1).  And the prevailing party

---

[9]AHS states that the "amount [of costs] may be reduced even further if this Court determines any deposition costs for a given deponent (submitted by Defendant) were not necessarily obtained for use in this case."  P. Mot. (ECF No. 218) at 1.  But beyond those discussed *infra* at § III(C), AHS does not argue that the deposition costs were not necessarily obtained for use in this case.  The court therefore finds that Bombardier's deposition costs, besides those disallowed *infra* at § III(C), were necessary for use in this case.

[10]AHS contends that Bombardier is seeking costs "attributed to Defendants who are not entitled to recover . . . . [And] it appears Bombardier improperly seeks to recover not only its own, but also the other Defendants' deposition cost."  P. Mot. (ECF No. 218) at 4-5.  The court construes this argument as challenging the second part of Bombardier's burden to "support[] its request with evidence documenting the costs incurred . . . ."  *See Waggoner*, 2003 WL 22838718, at *2.

- 8 -

seeking costs must show, supported by evidence, the amount of its costs. *Waggoner*, 2003 WL 22838718, at *2 ("The Fifth Circuit has also held that the party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred . . . .").

Bombardier has attempted to meet that burden. It has produced invoices sent to its counsel from the companies that provided the deposition transcripts. But this evidence consists merely of "copies of 22 pages of invoices paid by the law firms representing Bombardier Inc. . . . ." Bill of Costs (ECF No. 216-2) at 1. This evidence does not represent costs to Bombardier, but to the law firms representing Bombardier.

Normally, evidence of costs to the prevailing party's law firm is sufficient to show costs to the party. *See Fogleman*, 920 F.2d at 287 (looking to "the actual cost to the law firm of making [] copies" to determine cost to prevailing parties); *see Melchior v. Hilite Int'l, Inc*., 2016 WL 1165911, at *1 (N.D. Tex. Feb. 26, 2016) (Ramirez, J.) (same), *rec. adopted*, 2016 WL 1161992 (N.D. Tex. Mar. 23, 2016) (Lynn, J.), *vacated on other grounds*, 2017 WL 7795457 (N.D. Tex. Apr. 5, 2017) (Lynn, C.J.); *Canion v. United States*, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005) (same). But sometimes such evidence is not sufficient, such as when there is a possible discrepancy between what the law firm was charged and what the prevailing party (the relevant party for Rule 54 purposes) was charged. *See Fogleman*, 920 F.2d at 286 ("To the extent that counsel charges a party more than actual cost for any service, be it reproduction of documents or telephone calls, counsel is recovering additional fees."); *Casias v. Dep't of Corr.*, 2019 WL 2881007, at *6 (D.N.M. July 3, 2019) (stating that prevailing party could not recover "expenses normally absorbed as overhead in a lawyer's

practice" but could recover costs that "are passed on as expenses to the client").  Here, the law firms that paid the invoices represented Bombardier and its two codefendants, so it is not clear what share of the deposition costs of these invoices was borne by Bombardier alone.[11] *Cf. Casias*, 2019 WL 2881007, at *6 (relying on evidence showing law firm billed costs to client). The evidence only shows the cost to the attorneys—which could have been passed on to all three codefendants, including those who are not prevailing parties.

Bombardier has thus failed to meet its burden to show the amount of costs it has incurred.  The record lacks sufficient evidence to enable the court to determine how much *Bombardier* itself—not its counsel or the codefendants—spent on the deposition costs invoiced to their counsel.  *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133-34 (5th Cir. 1983) (remanding, in part, because "Kodak's bill of costs . . . does not separate the cost of the original deposition from the cost of copies . . . ."); *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372-73 (E.D. Tex. 2007) ("The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable. M–I did not meet that burden with respect to those invoices that are not itemized."); *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 39 (D.P.R. 2000) ("PRPA has failed even to present sufficient evidence for the Court to determine how

---

[11]Bombardier's counsel noted in his declaration that the remaining "defendant will not seek any costs that are recovered by way of Bombardier, Inc.'s Bill of Costs, to avoid a double recovery."  D. Resp. Ex. A (ECF No. 220-1) at ¶ 11.  But this overlooks the fact that the statute authorizes the prevailing party (Bombardier) to recover *its* expenses; it does not allow joint counsel to recover expenses of a defendant who does not prevail.

much PRPA spent on the transcript of Mr. Merrill's deposition."), *aff'd*, 295 F.3d 108 (1st Cir. 2002).[12]

Although Bombardier has failed to meet its burden to show its taxable costs of court, the court decides in its discretion to reduce Bombardier's costs *pro rata* by the number of defendants represented in this case by joint counsel when each deposition was taken.  *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978) (describing court's discretion in awarding costs); *see also ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 2008 WL 11389640, at *2 (E.D. Tex. Sept. 23, 2008) (exercising discretion on costs and lowering them by 25%).[13]

Accordingly, the court disallows two-thirds of Bombardier's taxable costs for its pre-April 23, 2021 deposition costs (including translation costs), and one-half of its taxable costs for post-April 23, 2021 deposition costs.

---

[12]The parties only discuss one case dealing with a similar issue, *Jansen v. Experian Information Solutions, Inc*., 2011 WL 846876 (D. Or. Mar. 9, 2011).  In *Jansen* the court, in *dicta*, rejected an argument by the objecting party that "it should only be taxed for its proportional share of the costs based on the number of Defendants in the case at the time the depositions were taken."  *Id.* at *15.  The court rejected this argument because "[the objecting party did] not identify any deposition witnesses whose testimony was not relevant to Plaintiff's claims against Equifax."  *Id*.  To the extent, if any, that *Jansen* is inconsistent with this court's decision today, the court declines to follow *Jansen* because it lacks an in-depth discussion of the issues that are pertinent to the instant case.

[13]This includes the cost of 20 depositions and two translation charges.  On December 20, 2018 (before depositions began) there were three codefendants in this case.  On April 23, 2021 one codefendant was terminated based on a joint notice and stipulation of dismissal.  There then remained two codefendants.  Accordingly, for the depositions taken between October 2019 and April 20, 2021, the costs are divided into thirds.  And for the remaining depositions, taken after April 28, 2021, primarily in July and August 2021, the costs are divided into halves.

C

AHS also challenges Bombardier's taxed costs as improper incidental and video transcript fees. Because § 1920 limits the type of costs available for recovery, *see Gaddis*, 381 F.3d at 450, the court must consider whether Bombardier is seeking permissible types of taxable costs.[14]

1

The court first considers Bombardier's costs for "litigation packages" of $184.00, "administrative fees" of $248.00, and "processing and compliance fees" of $350.00. Bombardier explains that these costs were related to the depositions and charged by the court reporter to finalize the transcripts.

Section 1920 provides that the prevailing party may be awarded "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party." *Leal v. Magic Touch Up, Inc*., 2019 WL 162885, at *2 (N.D. Tex. Jan. 9, 2019) (Ramirez, J.) (internal quotation marks omitted) (quotation omitted). But incidental costs—such as costs for disks, delivery charges, indexing, exhibits, and

_____

[14]Among the costs challenged, AHS seeks to eliminate the "Expert Witness fees" costs that Bombardier seeks. AHS states that the "EXP" in "TRANSCRIPT-COPY-EXP-VC-VID-WI," as it appears in Bombardier's deposition itemization, stands for expert upcharges. Bombardier responds that these fees do not appear in the record. The court could not identify any charge in the record for $188.00 of expert fees. Accordingly, because there is nothing to disallow, and Bombardier does not concede that its charges include an expert witness fee, *cf. infra* at § III(C)(3), the court will not reduce Bombardier's taxable costs by this amount.

summaries, which primarily are made for the benefit of counsel—are not recoverable.  *Id.*; *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015) ("As with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920.").

Courts have denied costs for "litigation packages," *Gaspari v. FMC Technologies, Inc.*, 2016 WL 2659593, at *2 (S.D. Tex. May 5, 2016) ("[T]here is nothing in the record to show that costs for . . . [a] 'premium litigation package,' . . . fall[s] within § 1920."), *rec. adopted*, 2016 WL 6909277 (S.D. Tex. June 7, 2016); for "administrative costs," *Canion v. United States*, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005) ("[S]ection 1920 does not explicitly authorize certificates of non appearance, ASCII Disks, compressed transcripts, shipping or administrative fees, or payment for records retrieval services.");[15] and for processing and compliance fees, *Royall v. Enterprise Products Co.*, 2021 WL 4198400, at *2 (S.D. Tex. Mar. 17, 2021) ("[Processing and compliance fees are] not recoverable because they are not listed among the recoverable costs in 28 U.S.C. § 1920, appear to be for the convenience of counsel only, and were not necessarily incurred for use in the case.").[16]

But such costs are not invariably disallowed.  *See Chambers v. Joseph T. Ryerson &*

---

[15]*See also Parrish v. Premier Directional Drilling, L.P.*, 2019 WL 13080390, at *3 (W.D. Tex. Oct. 3, 2019), *rec. adopted*, 2019 WL 13080579 (W.D. Tex. Oct. 29, 2019); *Mercer v. Patterson-UTI Drilling Co.*, 2016 WL 10951286, at *2 (S.D. Tex. Oct. 20, 2016), *aff'd*, 717 Fed. Appx. 400 (5th Cir. 2017) (per curiam).

[16]*See also Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F.Supp.2d 803, 806 (E.D. Tex. 2012), *aff'd sub nom. Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 Fed. Appx. 928 (Fed. Cir. 2013).

*Son, Inc.*, 2007 WL 4302738, at *2 (N.D. Tex. Dec. 10, 2007) (Fitzwater, C.J.) (awarding costs for fee charged for production of records because "paying the charges was a condition for receiving the records"); *Cadle Co. v. Keyser*, 2016 WL 5947417, at *4 (W.D. Tex. June 29, 2016) (allowing administrative fee and accepting argument that fee was "a necessary component of the cost of obtaining any deposition transcript"). Courts have denied these costs when the prevailing party fails to provide "necessary detail" for the court to make an award. *See Hoffman*, 2015 WL 1000864, at *8; *Bank One Texas, N.A. v. Apex Energy LLC*, 2002 WL 22055, at *2 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.) (holding that fee statements "merely show a lump sum amount" with "absolutely no evidence of what documents were copied or how they relate to this lawsuit" and affidavit stating that charges "were necessarily incurred in the course of litigation" was "insufficient to establish that the copying costs were necessary"); *Gaspari*, 2016 WL 2659593, at *2. In other words, because the ultimate burden is on the prevailing party to show that its costs were necessarily obtained for use in the case, *Fogleman*, 920 F.2d at 285-86 (describing burden), courts refuse to award costs for "litigation packages," "administrative fees," and "processing and compliance fees" when the court is unable to conclude that the packages were "a necessary component of the cost of obtaining any deposition transcript." *Cadle Co.*, 2016 WL 5947417, at *4. Conclusory assertions of necessity are often deemed insufficient to establish necessity. *Welch v. U.S. Air Force*, 2003 WL 21251063, at *2 (N.D. Tex. May 27, 2003) (Cummings, J.); *Bank One Tex., N.A.*, 2002 WL 22055, at *2.

Bombardier has not met its burden to establish the necessity of these costs. It has

produced evidence that it was charged for "processing and compliance" fees; a "Litigation Package-Secure File Suite," a "Litigation Package (all Electronic Files)"; and multiple "Administrative Fee[s]."  ECF No. 216-1 at 9-10, 12, 14, 20-21.  But it has only explained that these costs were related to the depositions and charged by the court reporter to finalize the transcripts.  This conclusory explanation is insufficient to demonstrate that Bombardier has met its burden.  *Bank One Tex., N.A.*, 2002 WL 22055, at *2.  The court cannot determine from the evidence provided whether the charges were "necessary" costs incurred by Bombardier or costs incurred for counsel's convenience.  The evidence provided by Bombardier (the itemized invoice) is insufficient.  *See Hoffman*, 2015 WL 1000864, at *7-8 (stating that Bill of Costs included a listed item, "Litigation Support Package," but Bill of Costs otherwise lacked detail sufficient to allow costs); *Gaspari*, 2016 WL 2659593, at *2; *cf. Chambers*, 2007 WL 4302738, at *2 (describing, in detail, necessity of paying cost).[17]

Accordingly, the court disallows $319.00[18] of Bombardier's taxable costs.

---

[17]For example, Bombardier's administrative fees may be "a necessary component of the cost of obtaining any deposition transcript," *Cadle Co.*, 2016 WL 5947417, at *4, or they may have been incurred for the convenience of counsel, *Parrish*, 2019 WL 13080390, at *3 ("Premier has failed to meaningfully argue that such costs were necessarily obtained for use in the case.").  The mere statement that these costs were to "finalize" the transcripts "as necessary for production," D. Resp. (ECF No. 220) at 5, does not enable the court to find that the administrative costs were necessary for use in the case.  *See Hoffman*, 2015 WL 1000864, at *8.

[18]This number represents one-third of the total cost for "litigation packages" of $184.00 (which is $61.33) and "administrative fees" of $248.00 (which is $82.67), and one-half the "processing and compliance fees" of $350.00 (which is $175.00).  The reason these costs (and the others in this section) are reduced in this way is discussed below, *see infra* note 22.

2

The court next considers costs for Bombardier's "condensed" and "digital" transcript of $175.00 and $250.00. Bombardier responds that these types of transcripts are "standard" in the industry and were used—and therefore necessarily obtained—for its summary judgment motion.

As discussed, § 1920 provides that the prevailing party may be awarded "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." As far as which "transcripts" are recoverable, a party may recover the cost of an original deposition transcript and copies that are necessarily obtained for use in the case. *Fogleman*, 920 F.2d at 285. "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Id.* at 285-86.

Most courts hold that digital and condensed copies of transcripts are generally obtained only for the convenience of counsel, and therefore unrecoverable. *Herman v. Pronto Courier Serv.*, 1999 WL 325493, at *4 (N.D. Tex. May 10, 1999) (Kaplan, J.) ("Most courts have held that condensed transcripts are merely a convenience to counsel and therefore not recoverable.") (collecting cases); *see Richards v. Lufkin Indus. LLC*, 2019 WL 6682079, at *4 (E.D. Tex. Mar. 26, 2019) ("Costs for electronic or digital transcripts, CDs, condensed transcripts, and administrative fees are likewise unrecoverable."); *Canion v. United States*, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005) (explaining that expenses for compressed deposition transcripts and administrative fees relating to depositions are not taxable costs under § 1920); *see also Royall*, 2021 WL 4198400, at *2 (same); *Ninan v. Hosp. Partners*

- 16 -

*of Am., Inc.*, 2009 WL 10692726, at *3 (S.D. Tex. Mar. 13, 2009) (same); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684, 688 (E.D. Tex. 2007) (same).  The cost of a condensed or digital copy of a transcript may be taxable, however, if it was necessary for use in a case.  *Cf. ATD Combustors, LLC v. Ameritube, LLC*, 2019 WL 7759098, at *4 (W.D. Tex. Sept. 30, 2019) ("Additional services such as a condensed transcript obtained for the convenience of counsel are not taxable court costs. . . . [T]here must be a showing that reproduction was 'necessary and limited to the actual cost of reproduction.'  There has been no such showing here." (quotation omitted) (citations omitted)).

The court finds that Bombardier has not met its burden to show that "condensed" and "digital" transcripts were necessarily obtained for use in this case because, apart from making the conclusory statement that they are standard in the industry and necessary, Bombardier "provides no further description indicating the purpose of the copies."  *Stoffels v. SBC Commc'ns, Inc*., 2012 WL 2122191, at *3 (W.D. Tex. June 11, 2012); *ATD Combustors, LLC*, 2019 WL 7759098, at *4.

Accordingly, the court disallows $212.50 of Bombardier's taxable costs (one-half of the amount at issue).

3

The court next considers the "Video Conference Fees" of $597.50.  AHS maintains that Bombardier is seeking $597.50 for video depositions.  It reaches this conclusion by pointing to line items in Bombardier's bill of costs, which itemize charges for ""TRANSCRIPT-COPY-VC-VID-WI."  Through a somewhat unclear itemization of charges

(from which it is unclear where the numbers originate), AHS calculates that the improper charges for this itemization total $597.50.

Bombardier points to its counsel's declaration explaining that Bombardier is not seeking costs for video recordings or video transcriptions. It maintains that, because the depositions were taken remotely, the costs "appear to have been necessitated by the remote nature of the depositions." D. Resp. (ECF No. 220) at 7.

Bombardier, conceding that there may be video conference fees in the "TRANSCRIPT-COPY-VC-VID-WI" itemization, is unable to identify what the charges labeled "TRANSCRIPT-COPY-VC-VID-WI" are for,[19] and therefore has failed to meet its burden to show the necessity and amount of its costs. *Fogleman*, 920 F.2d at 285-86; *Hoffman*, 2015 WL 1000864, at *8 ("The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable." (internal quotation marks omitted) (quotation omitted). But the court declines to reduce the entire cost, *cf. Freeny v. Apple Inc.*, 2014 WL 6847808, at *3 (E.D. Tex. Dec. 4, 2014) ("Texas district courts have denied the entire requested amount for copying documents where the party seeking the award had not made a sufficient showing that the copying expenditures were necessary for use in the case").

---

[19]According to a declaration of Bombardier's counsel, "[i]t appears from the invoices submitted that certain line-items were necessary for a court reporter's remote participation." D. Resp. Ex. A (ECF No. 220-1) at ¶ 9. And in briefing, Bombardier asserts that "the costs that Plaintiffs cite to appear to have been necessitated by the remote nature of the depositions." D. Resp. (ECF No. 220) at 7.

Because AHS appears to acknowledge that only $597.50 of this item is objectionable, the court disallows $298.75 of these taxable costs (one-half of the amount at issue).

4

The court next considers the "Virtual Primary Participants" cost of $1,180.00. Bombardier contends that these costs were for the remote nature of the depositions.

As already discussed, the court can only award costs included in § 1920. *Gaddis*, 381 F.3d at 450 ("[F]ederal courts are bound by the limitations set out in . . . § 1920." (internal quotation marks omitted) (quotation omitted). Other courts have concluded that § 1920 does not authorize fees for costs of remote platforms used to conduct depositions. *See, e.g.*, *Bucklew v. Charter Commc'ns, LLC*, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021) ("Section 1920 does not specifically allow for recovery of remote video platform fees . . . ."), *rec. adopted*, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021).[20]  The court agrees with these courts.  Indeed, it is difficult to see where such costs would fit within § 1920 considering that they are fees incurred for a remote platform to conduct a deposition, not fees for an electronically recorded transcript or printed transcript.

Accordingly, the court holds that remote deposition costs are not awardable under § 1920. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("These expenses are not included in § 1920 and therefore are not recoverable").  The court disallows $393.33

---

[20]*Frost v. McNeilus*, 2015 U.S. Dist. LEXIS 48921, at *3 (M.D. Fla. Apr. 14, 2015); *Lapham v. Florida Fish & Wildlife Conservation Comm'n*, 2021 WL 7711085, at *2 (M.D. Fla. Nov. 3, 2021), *rec. adopted*, 2022 WL 911556 (M.D. Fla. Mar. 29, 2022).

of Bombardier's taxable costs on this basis (one-third of the amount at issue).

5

Last, the court considers AHS's objection to Bombardier's "Veritex Exhibit Package" costs of $90.00. Bombardier responds that this cost was for exhibits used in a deposition and that obtaining exhibits is necessary for a complete record. Although the court recognizes that exhibit costs may be recoverable, *see, e.g.*, *Ninan v. Hospital Partners of America, Inc.*, 2009 WL 10692726, at *3 n.4 (S.D. Tex. Mar. 13, 2009); *Anderson v. Siemens Medical Systems., Inc.*, 2002 WL 199878, at *5 (N.D. Tex. Feb. 7, 2002) (Boyle, J.), Bombardier's only statement providing detail about the exhibit package, which is contained in its briefing, is that the fees were "for exhibits used in a deposition." D. Resp. (ECF No. 220) at 6. Bombardier's itemization and supporting evidence lacks the necessary detail for the court to make the requested award for the "Veritex Exhibit Package." *Hoffman*, 2015 WL 1000864, at *7-8 (disallowing fees for "Exhibit Package" where the defendants' bill of costs lacked the "necessary detail to make any award").

Accordingly, the court disallows $30.00 of Bombardier's taxable costs (one-third of the amount at issue).

D

In sum, from Bombardier's original request for $28,191.45, the court has disallowed $16,994.73 of Bombardier's taxable costs for its depositions (which represents a *pro rata* division of the costs depending on the number of codefendants in the case when the deposition was taken); $1,253.58 for its other expenses; and $630.96 for the amount it

withdrew.[21]   Bombardier's awardable taxable costs of court therefore equal the sum of $9,312.18.[22]

\* \* \*

Accordingly, for the reasons explained, the court grants in part and denies in part AHS's March 25, 2022 motion to review the actions of the clerk of court and objection to Bombardier's bill of costs and awards Bombardier the sum of $9,312.18 in taxable costs, payable by AHS.

**SO ORDERED**.

May 11, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[21]The court reached this number by dividing the rough draft costs by a third and the late fee, rough ASCII costs, shipping costs, oversized color exhibits, and color exhibits by half.

[22]The court divided all of the disallowed costs by the number of codefendants at the time of the respective deposition.  The court adopted this approach because it would otherwise have effectively reduced Bombardier's costs twice for the same disallowance. For example, the $90.00 Veritas Exhibit Package was reduced by one-third to $30.00 in the first section of the opinion, *see supra* at § III(B).  If the court had then reduced Bombardier's costs by $90.00 because the Veritas Exhibit Package was impermissible, it would have reduced Bombardier's $30.00 cost by $90.00.