IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIRCRAFT HOLDING SOLUTIONS, LLC, § § § Plaintiff, § § and § § CH300, LLC, § § Plaintiff-counterdefendant, § § VS. § § LEARJET, INC. d/b/a BOMBARDIER § AIRCRAFT SERVICES (BAS), § § Defendant-counterplaintiff. § | Civil Action No. 3:18-CV-0823-D |

MEMORANDUM OPINION
AND ORDER

Following a bench trial, plaintiff-counterdefendant CH300, LLC ("CH300") moves for attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015).[1] For the reasons that follow, the court grants CH300's motion in part and denies it in part and awards CH300 the sum of $77,101.50 in attorney's fees incurred through March 28, 2023.

I

The court's pertinent findings of fact and conclusions of law are fully set out in its

---

[1]After CH300 filed its motion for attorney's fees, plaintiffs filed a notice of appeal. The notice of appeal, however, does not deprive the court of jurisdiction to address CH300's fee application. *See, e.g.*, *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 & n.2 (5th Cir. 2002) (collecting authorities that hold that district court retains jurisdiction to resolve motion for attorney's fees while judgment on merits is pending on appeal).

March 14, 2023 memorandum opinion. *See Aircraft Holding Solutions, LLC v. Learjet, Inc.*, 2023 WL 2518329 (N.D. Tex. Mar. 14, 2023) (Fitzwater, J.). Accordingly, the court will limit its discussion of the background facts and procedural history to what is necessary to understand this decision.

CH300 is the operator of a 2005 Bombardier Challenger 300 aircraft ("Aircraft") that was damaged when it fell off its jacks during routine periodic maintenance and a 144-month inspection at the Dallas facility of defendant-counterplaintiff Learjet, Inc. d/b/a Bombardier Aircraft Services ("BAS"). CH300 and plaintiff Aircraft Holding Solutions, LLC ("AHS"), the Aircraft owner, filed this suit against BAS alleging various claims under Texas law. Following a bench trial, and relevant to the instant motion, the court found in CH300's favor on its breach of contract claim against BAS and awarded it loss-of-use damages of $113,000, which, when offset by the sum of $67,235.00 that CH300 owed BAS, resulted in a net award to CH300 of $45,765.00.

CH300 now moves under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 for an award of attorney's fees. BAS opposes the motion, which the court is deciding on the briefs.

II

"Under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing *World Help v. Leisure Lifestyles*, 977 S.W.2d 662, 683 (Tex. App. 1998); *Atl. Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App. 1993, writ denied)). "Thus,

- 2 -

to obtain an award of attorneys' fees under section 38.001, a party must meet two requirements: (1) it must prevail on a cause of action for which attorneys' fees are recoverable, and (2) it must recover damages." *Id.* (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997); *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 257 (Tex. App. 1998, no pet.)). "When a claim under section 38.001 is successful, a trial court has the discretion to determine the proper amount of attorneys' fees. Additionally, when a claim is successful, and reasonable fees are proven, a trial court has no discretion to deny the fees." *Id.* (citations omitted).

### III

### A

CH300 seeks $77,101.50 in "reasonable and customary" attorney's fees for the 240.2 hours its counsel spent through March 28, 2023 litigating CH300's breach of contract claim.[2]

BAS opposes this fee request on the ground that CH300's initial $9.5 million demand—which increased to over $11.7 million in October 2018—was "clearly excessive" given that CH300 refused BAS's offer to reimburse it for first-class travel and only recovered $45,765.00 at trial. BAS argues that CH300's excessive and unreasonable demand should

---

[2]Courts in the Fifth Circuit utilize the "lodestar" method to calculate attorney's fees. *See Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The "lodestar" is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id.* (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993)). The court then adjusts the lodestar upward or downward depending on the respective weights of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), that have not been abrogated.

bar the award of attorney's fees entirely.

B

In Texas, "[a] creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the debt." *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981). "A demand is not excessive, however, simply because it is greater than what the factfinder later determines is actually due." *Barnes v. LPP Mortg., Ltd.*, 358 S.W.3d 301, 308 (Tex. App. 2011, pet. denied). Instead, "a demand is excessive [where] the creditor acted unreasonably or in bad faith." *Id.* Thus "[a]pplication of this rule is limited to situations where the creditor refuses a tender of the amount actually due or indicates clearly to the debtor that such a tender would be refused." *Hernandez v. Lautensack*, 201 S.W.3d 771, 777 (Tex. App. 2006, pet. denied).

Such a situation does not exist here. Because of the nature of CH300's breach of contract damages (i.e., they were unliquidated), BAS did not owe CH300 a specific amount that CH300 could include in its demand. *See Findlay*, 611 S.W.2d at 58 (excessive amount "cannot be the only criterion for determination, *especially where the amount due is unliquidated*" (emphasis added)). Nor was the disparity between what CH300 demanded and what it actually recovered as great as BAS represents. Although AHS and CH300 *together* demanded over $11.7 million in October 2018, only $290,699.20 of that amount was for costs associated with alternative airline transportation, i.e., CH300's loss-of-use damages. In other words, with respect to CH300's breach of contract claim, CH300 demanded $290,699.20 and was awarded $113,000 (an amount that was reduced when offset by the

court following the trial). The court finds that CH300's demand was not unreasonable, and BAS neither argues nor demonstrates that the demand was made in bad faith. Accordingly, the court holds that CH300 did not make a "clearly excessive" demand that would bar it from recovering attorney's fees under Texas law.

C

BAS next opposes CH300's fee request on the ground that the fees it incurred were not *necessary* because BAS offered to reimburse CH300 for the very expenses that constituted CH300's awarded damages in this case—i.e., appropriately documented travel expenses resulting from the unavailability of the damaged Aircraft—and "[l]itigating that claim to judgment, and all of the attorneys' fees expended for CH300 to prevail to the extent that it did, was unnecessary." D. Br. (ECF No. 316) at 5.

Under Texas law, "[w]hen a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017)).

The court holds, for largely the reasons CH300 sets out in its reply, that the requested attorney's fees were necessary. According to CH300:

> BAS did not concede the measure of damages for CH300's breach of [contract] claim. In fact, through trial, BAS argued any recovery should be limited by application of a limitation of liability clause. CH300 disputed application of BAS's limitation of liability clause and prevailed at summary judgment and at trial to prohibit the limit on recovery of its breach of contract damages. The work performed was necessary. But for CH300

> hiring Counsel from Munsch Hardt to prosecute the breach of contract claim and challenge BAS's defenses to same, CH300 would not have prevailed on the breach of contract claim. The trial result in which the Court preferred one measure of damages over the other cannot be the impetus to declare CH300's prosecution of the breach of contract claim was not necessary.

P. Reply (ECF No. 318) at 9-10. The court agrees with this reasoning.

### D

BAS does not otherwise dispute the *reasonableness* of CH300's requested fees. *See* D. Br. (ECF No. 316) at 1 ("BAS will defer to the Court's discretion and judgment on whether the actually-expended attorneys' fees requested are reasonable."); *id* at 4 ("BAS defers to the Court's discretion on whether CH300's requested attorneys' fees that it actually expended were reasonable."). Accordingly, because the reasonableness of CH300's request for $77,101.50 in attorney's fees through March 28, 2023 appears to be uncontested, the court grants the portion of CH300's motion that requests this amount.

### IV

In addition to the $77,101.50 in attorney's fees that CH300 incurred through March 28, 2023, it requests the sum of $10,500 in fees based on the 25 hours that its counsel estimates it will incur in reviewing BAS's response to its application for attorney's fees, filing a reply in support of its motion, "and additional work and information needed to represent CH300 before this Court." P. Br. (ECF No. 310) at 8. It also seeks the sum of $65,000 in conditional appellate attorneys' fees "if and when this case is presented for review to the Fifth Circuit." *Id.* at 11.

CH300 has not provided sufficient evidence to support its request for these additional fees, which are based on estimates rather than on time that CH300 has shown was actually expended and thus is probative when computing the lodestar. Accordingly, the court denies CH300's request without prejudice to its later moving for such attorney's fees. *See, e.g.*, *Shepherd v. Dall. Cnty, Tex.*, 2010 WL 2573346, at *4 (N.D. Tex. June 24, 2010) (Fitzwater, C.J.) (awarding appellate attorney's fees and costs following appeal).

\* \* \*

Accordingly, for the reasons explained, the court grants CH300's motion to the extent that it requests an award of attorney's fees in the sum of $77,101.50 for fees incurred through March 28, 2023, but otherwise denies the motion.

**SO ORDERED**.

August 17, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE